01

02

03

04

05

06                           UNITED STATES DISTRICT COURT
                             WESTERN DISTRICT OF WASHINGTON
07                                    AT SEATTLE

08  ROBERT THOMAS NORTHUP,              )    CASE NO. C05-1358-JLR-MAT
                                        )
09          Petitioner,                 )
                                        )
10  v.                                  )    REPORT AND RECOMMENDATION
                                        )
11  SANDRA CARTER,                      )
                                        )
12          Respondent.                 )
    _____)
13

14                                 INTRODUCTION

15          Petitioner is a Washington state prisoner who pleaded guilty in 2000 to first degree

16  kidnapping, second degree assault with a firearm, and first degree burglary.  He has filed a *pro se*

17  petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, contending chiefly that his

18  former defense counsel later represented his accomplice in the crime, and petitioner's guilty plea

19  is thereby tainted by counsel's conflict of interest.  After considering the petition, respondent's

20  answer, petitioner's response, and the balance of the record, the court recommends that the

21  petition be denied with prejudice.

22  */ / /*

    REPORT AND RECOMMENDATION
    PAGE -1

01

BACKGROUND

02

The Washington Court of Appeals summarized the facts in petitioner's case as follows:

03

The State brought charges against appellant Robert Northup for a home invasion robbery in which he and two accomplices allegedly kidnapped a woman and shot her. Trial was set to begin March 16, 2000. Just before trial, police apprehended Michael Fernandez, one of the alleged accomplices. The State arraigned him on the same charges as Northup, and indicated to Northup's attorney, Debra Redford, that Fernandez would likely plead guilty and testify against Northup.

Redford had been assigned to represent Northup after the withdrawal of his former attorneys at the Kuvara law firm. Redford learned that Fernandez was being represented by Terri Stickney, who had worked for the Kuvara firm as a Rule 9 intern during the time the firm had represented Northup. She moved to disqualify Stickney based on a conflict of interest.

The court held a hearing on the motion to disqualify on March 20, 2000. At that point, pretrial proceedings had begun, but a jury had not yet been empanelled. Northup supported the motion with a declaration that Stickney had worked on his file while she was at the Kuvara firm and had substantive conversations with him about defense strategy, potential witnesses, and the contents of police reports. Stickney testified at the hearing and denied any substantive involvement in Northup's case. She acknowledged having answered his telephone calls to the firm and having, on one occasion, delivered papers to him at the jail. But she said she never spoke to him about the facts of his case, did not work on his case, did not look at his file, and did not know the details of his case. Based on Stickney's testimony, the State maintained there was no conflict of interest, and opposed the motion to disqualify.

Without resolving the factual dispute about the extent of Stickney's contact with Northup, the trial court did appoint substitute counsel to represent Fernandez with respect to his plea negotiations with the State and any testimony he might give in Northup's trial. The court ordered Stickney and her law partner not to discuss any details of Northup's case with substitute counsel. The court delayed the beginning of trial, in part so that the defense could investigate Northup's concerns that Stickney might have influenced the testimony Fernandez would give.

Within days, Fernandez pleaded guilty to charges arising from the home invasion incident. As part of the plea bargain he agreed to testify against Northup. Redford interviewed Fernandez the day after he entered his plea. What she learned during that interview is not reflected in the record. Northup then entered a guilty plea to first degree kidnapping, second degree assault with a firearm, and first degree burglary. The court imposed a standard range sentence of 267 months.

REPORT AND RECOMMENDATION
PAGE -2

01       Five months later, Northup moved to set aside his guilty plea. Through new
02  counsel, Mark Tackitt, Northup argued that his trial attorney, Redford, had been
ineffective by failing to move to suppress Fernandez' testimony due to the conflict of
interest.  He also argued the prosecutor committed misconduct by bargaining for the
03  testimony of Fernandez despite knowledge of the conflict of interest.

04       After reviewing the record of the disqualification hearing, the trial court
denied the motion.  The court noted that Northup had not introduced any facts
05  substantiating his suspicion that Stickney had transmitted to Fernandez confidential
information she had learned during her representation of Northup.  Nor had he shown
06  that the prosecutor took advantage of confidential information allegedly given to
Fernandez. Northup appeals from this decision.

07

08  *State of Washington v. Northup* , 120 Wash. App. 1019, 2004 WL 295159 (2004) (footnotes

09  omitted); (Doc. #13, Ex. 4 at 2-4).

10     Petitioner appealed to the Washington Court of Appeals.  The court affirmed petitioner's

11  conviction in an unpublished opinion. *See State of Washington v. Northup*, 120 Wash. App. 1019,

12  2004 WL 295159 (2004). Petitioner sought review by the Washington Supreme Court. The court

13  denied review. *See State of Washington v. Northup*, 101 P.3d 108 (2004).

14     On August 4, 2005, petitioner submitted the instant petition for a writ of habeas corpus

15  under 28 U.S.C. § 2254.  (Doc. #1).  After receiving an extension of time, respondent filed an

16  answer, along with the state court record, on November 10, 2005.  (Doc. #10).  Petitioner filed

17  a response to the answer on November 18, 2005 (Doc. #14), and the matter is now ready for

18  review.

19                    <u>GROUNDS FOR RELIEF</u>

20     Petitioner sets forth the following grounds for relief in his habeas petition and the

21  memorandum attached thereto:

22     1.     A conflict of interest by petitioner's former counsel tainted the fairness of the

REPORT AND RECOMMENDATION
PAGE -3

01    trial process in violation of the Sixth and Fourteenth Amendments.

02    2.    Trial court's denial of motion to withdraw guilty plea violated the Fourteenth
            Amendment to the Constitution of the U.S.

03    3.    Prosecutorial Misconduct.

04    4.    Ineffective assistance of counsel during trial process.

05    5.    Ineffective assistance of counsel during postconviction [sic] proceedings

06          violated the Sixth Amendment to the Constitution of the United States, when
            postconviction [sic] counsel failed to obtain readily available affidavits

07          favorable to the petitioner's claims.

08    (Doc. #1 at 6-11, Attachment at 17).

09                               DISCUSSION

10                             Standard of Review

11        Under the Anti-Terrorism and Effective Death Penalty Act, a habeas corpus petition may

12    be granted with respect to any claim adjudicated on the merits in state court only if the state

13    court's adjudication is *contrary to*, or involved an *unreasonable application* of, clearly established

14    federal law, as determined by the Supreme Court.  28 U.S.C. § 2254(d) (emphasis added).

15        Under the "contrary to" clause, a federal habeas court may grant the writ only if the state

16    court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law,

17    or if the state court decides a case differently than the Supreme Court has on a set of materially

18    indistinguishable facts.  *See Williams v. Taylor*, 529 U.S. 362 (2000).  Under the "unreasonable

19    application" clause, a federal habeas court may grant the writ only if the state court identifies the

20    correct governing legal principle from the Supreme Court's decisions but unreasonably applies that

21    principle to the facts of the prisoner's case.  *Id.*  In addition, a habeas corpus petition may be

22    granted if the state court decision was based on an unreasonable determination of the facts in light

REPORT AND RECOMMENDATION
PAGE -4

01   of the evidence presented.  28 U.S.C. § 2254(d)

02   In *Lockyer v. Andrade,* 538 U.S. 63 (2003), the Supreme Court examined the meaning of

03   the phrase "unreasonable application of law" and corrected an earlier interpretation by the Ninth

04   Circuit which had equated the term with the phrase "clear error."  The Court explained:

05   These two standards, however, are not the same.  The gloss of clear error fails to give proper deference to state courts by conflating error (even clear error) with

06   unreasonableness.  It is not enough that a federal habeas court, in its "independent review of the legal question" is left with a "firm conviction" that the state court was

07   "erroneous." . . . [A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision

08   applied clearly established federal law erroneously or incorrectly.  Rather, that application must be objectively unreasonable.

09

10   538 U.S. at 68-69 (citations omitted).  Thus, the Supreme Court has directed lower federal courts

11   reviewing habeas petitions to be extremely deferential to decisions by state courts.  *See Hall v.*

12   *Director of Corrections*, 343 F.3d 976, 986 (9th Cir. 2003) (Tallman, J., dissenting).  A state

13   court's decision may be overturned only if the application is "objectively unreasonable." 538 U.S.

14   at 69.

15   <u>Petitioner's First, Third, and Fourth Grounds for Relief</u>

16   Petitioner's first, third, and fourth grounds for relief hinge upon the alleged conflict of

17   interest between petitioner and his former defense counsel who subsequently represented Michael

18   Fernandez, petitioner's accomplice, in plea negotiations with the State.  Petitioner contends that

19   the conflict tainted the fairness of his trial (Ground One), led to prosecutorial misconduct (Ground

20   Three) and that the failure by his then-counsel to move to suppress the testimony of Fernandez at

21   trial constituted ineffective assistance (Ground Four).

22   These claims, however, do not appear to be reviewable by way of a petition for a writ of

REPORT AND RECOMMENDATION
PAGE -5

01  habeas corpus.  When a petitioner seeks to overturn a guilty plea through a habeas petition, review

02  is narrowly prescribed:  "As a general rule, one who voluntarily and intelligently pleads guilty to

03  a criminal charge may not subsequently seek federal habeas corpus relief on the basis of pre-plea

04  constitutional violations.  *A defendant may only attack the voluntary and intelligent character of*

05  *the guilty plea by showing that the advice he received from counsel was not within the range of*

06  *competence demanded of attorneys in criminal cases*."  *Moran v. Godinez*, 40 F.3d 1567, 1577

07  (9th Cir. 1994), *amended on denial of rehearing en banc*, 57 F.3d 690 (9th Cir. 1994) (internal

08  quotation and citation omitted) (emphasis added).

09         Petitioner's first and third claims do not challenge the advice given to him by his counsel

10  at the time of his guilty plea.  Rather, his first ground for relief focuses on the conflict of interest

11  that petitioner contends undermined the fairness of his criminal proceedings, while his third ground

12  asserts that the prosecutor took improper advantage of the conflict.  Petitioner does not argue that

13  counsel was unaware of the conflict of interest nor that she misinformed him about it.  Indeed, the

14  record shows that petitioner's counsel was aware of the conflict and moved – successfully – to

15  disqualify petitioner's former counsel.  (Doc. #13, Ex. 4 at 2-3; Ex. 22 at 38-39).  Thus,

16  petitioner's first and third grounds for relief do not fall within the narrow class of claims a habeas

17  petitioner may assert to overturn a guilty plea.  Consequently, they should be dismissed.

18         Petitioner's fourth ground for relief, that counsel was ineffective for failing to move to

19  suppress Fernandez's testimony, arguably constitutes a reviewable claim.  Broadly construed, the

20  claim may be viewed as arguing that counsel failed to give petitioner competent advice because

21  she did not advise him that Fernandez could be barred from testifying against him.  Had she done

22  so, and had Fernandez's testimony been barred, petitioner contends that he would not have chosen

REPORT AND RECOMMENDATION
PAGE -6

01   to plead guilty.  However, the record does not support a conclusion that counsel would have been

02   successful had she sought to bar Fernandez from testifying.  Petitioner raised this claim in his

03   direct appeal, and the Washington Court of Appeals analyzed it as follows:

04          The issue presented by Northup's appeal is whether Redford should have
       sought the further remedy of suppression of Fernandez's testimony.  Northup
05     contends such a motion would have been granted without any necessity for him to
       show that Fernandez's testimony was actually influenced by Stickney's knowledge of
06     confidential information about Northup.

07          Northup argues that Stickney committed an ethical violation; that it was the
       State's burden to prove that she did not disclose confidences to Fernandez, not his
08     burden to prove the contrary; and therefore, Fernandez' testimony must be presumed
       to be "tainted."  This argument is drawn from the disqualification cases and  *Teja's*
09     holding that, in the context of the rules of professional conduct, former clients need
       not prove that actual confidences were divulged in order to be entitled to
10     disqualification.  It does not necessarily follow that disclosure of the former client's
       confidences would be presumed in the context of a motion to suppress the testimony
11     of the new client. . . .

12          Like the claims for relief in *Teja* and *Fountain*, Northup's claim of ineffective
       assistance depends on a showing of actual prejudice based on the record developed
13     in the trial court.  We can assume, based on an affidavit submitted by Northup in
       support of his personal restraint petition, that he would not have pled guilty if
14     Fernandez's testimony had been suppressed.  But this is peripheral to the main issue,
       which is whether the trial court likely would have granted a motion to suppress on the
15     record developed in the trial court.

16          In this case, Northup has not identified any portion of the record indicating
       that any particular confidences or secrets of his were or could have been used to his
17     disadvantage by Stickney in the course of her representation of Fernandez.  He has
       not shown even by inference what the substance of Fernandez's allegedly tainted
18     testimony against him might have been, if the case had gone to trial.  On such an
       undeveloped record, with no showing of prejudice, and no citation to authority
19     persuasively demonstrating that in such a context prejudice must be presumed, it
       cannot be said that a motion to suppress Fernandez's testimony would likely have
20     been granted.  Thus, Northup's claim of ineffective assistance fails under *McFarland*.

21   (Doc. #13, Ex. 4 at 8-12).

22          Thus, the Washington Court of Appeals rejected petitioner's argument that counsel could

REPORT AND RECOMMENDATION
PAGE -7

01   have successfully barred Fernandez from testifying because petitioner failed to provide any

02   evidence that Fernandez's testimony had been influenced by confidential information transmitted

03   to him by petitioner's former counsel.  This decision by the state court is not "objectively

04   unreasonable, " *Lockyer v. Andrade,* 538 U.S. 63, 69, and petitioner's fourth ground for relief

05   should therefore be denied.[1]

06                                   Petitioner's Second and Fifth Grounds for Relief

07          In his second ground for relief, petitioner argues that the "[t]rial court's denial of [his]

08   motion to withdraw guilty plea violated the Fourteenth Amendment . . . ." (Doc. #1 at 7).  In his

09   fifth ground for relief, petitioner argues that counsel was ineffective in representing petitioner on

10   the motion to withdraw his guilty plea.  Respondent argues that petitioner's second claim was not

11   presented to the Washington Supreme Court as a federal issue and therefore is unexhausted.

12   (Doc. #10 at 5).  Alternatively, respondent argues that neither the second ground for relief nor the

13   fifth can provide a basis for habeas relief because both grounds pertain to a post-conviction

14   proceeding.  (*Id.* at 16).

15          The court need not address respondent's exhaustion argument because, as respondent also

16   argues, petitioner's second and fifth grounds for relief may not serve as grounds for habeas relief.

17   

18          [1] Petitioner attempts to overcome the weakness of the argument he made in state court by
     claiming to provide details that show how his former counsel improperly passed along confidential
19   information, such as petitioner's proposed trial strategy, to Fernandez.  (Doc. #1, Attachment at
     8).  However, this attempt should be rejected for several reasons.  First, it appears that such
20   information was not presented to the state court and therefore this claim has not been fully
     exhausted.  Second, petitioner's attempt to provide such details consists solely of his own
21   assertions about what his former counsel learned from him and then told Fernandez.  (Doc. #1,
     Attachment at 13-15).  These assertions are not supported by affidavits or statements by the
22   persons involved and therefore should not be given much, if any, weight.

REPORT AND RECOMMENDATION
PAGE -8

01   Errors in the state post-conviction review process are not addressable through habeas corpus

02   proceedings.  *See Franzen v. Brinkman*, 877 F.2d 26 (9th Cir. 1989).  Petitioner filed his motion

03   to withdraw his guilty plea five months after he was sentenced.  (Doc. #13, Ex. 4 at 3; Ex. 12 at

04   3).  Consequently, the trial court considered the motion under Superior Court Criminal Rule CrR

05   7.8, entitled "Relief from Judgment or Order."  The motion was thus considered as part of the

06   state's "post-conviction review process," and accordingly, any alleged errors are not addressable

07   through habeas corpus proceedings.  *See Franzen*, 877 F.2d at 26.  Petitioner's second and fifth

08   grounds for relief should therefore denied.[2]

09                                        <u>CONCLUSION</u>

10          For the foregoing reasons, petitioner's petition for a writ of habeas corpus should be

11   denied with prejudice.  A proposed Order reflecting this recommendation is attached.

12          DATED this <u>5th</u> day of <u>January</u>, 2006.

13

14                                                                     Mary Alice Theiler
                                                                       United States Magistrate Judge

15

16

17

18

19

20          [2] Moreover, even if the claims were addressable through these proceedings, the claims
     would lack merit.  The Washington Court of Appeals addressed these arguments in petitioner's
21   direct appeal and rejected them.  (Doc. #13, Ex. 4 at 4-14).  The court of appeals' decision is
     based upon a review of the record and sound analysis and therefore is not "objectively
22   unreasonable."

REPORT AND RECOMMENDATION
PAGE -9